UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Office of the Chapter 13 Standing Trustee**
**Andrew B. Finberg, Esquire**
**535 Route 38, Suite 580**
**Cherry Hill, NJ 08002**
**(856) 663-5002**

**Order Filed on August 28, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In Re:

MELISSA S. REYES

Case No.: 26-12695 ABA

Hearing Date: August 26, 2026

Judge: Andrew B. Altenburg, Jr.

Chapter: 13

## FINAL ADJOURNMENT DATE ORDER

The relief set forth on the following page, numbered 2 through _3___, is hereby **ORDERED**.

**DATED: August 28, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

The matter having come before the Court at a 3rd listing for Confirmation and under 11 U.S.C. §§ 1302(b) and 704(a)(4) the Chapter 13 Trustee has a duty to investigate the financial affairs of a debtor and determine whether a Chapter 13 Plan is, among other things, filed in good faith and feasible in accordance with 11 U.S.C. §1325(a); and

In order to fulfill those duties, the Chapter 13 Trustee must conduct a 341 Meeting of Creditors, a debtor must attend that meeting under 11 U.S.C. § 343, and prior to that meeting a debtor must produce requested documents in order for a substantive meeting to be conducted. Finally, 11 U.S.C. §§ 521(a)(3)-(4) requires a debtor to cooperate with and provide documents to the Trustee in the performance of his duties. Fed. R. Bankr. P. 4002 requires a debtor to attend examinations and provide documentation to the Trustee. 11 U.S.C. § 1322(a)(1) requires a debtor in a Chapter 13 case to make plan payments; and

As set forth on the record on __August 26, 2026_____ it being demonstrated that the Debtor has failed to comply with the above requirements and therefore, for good cause shown,

**IT IS ORDERED** that confirmation shall be given a final adjournment to_ October 14, 2026 _(the Final Adjournment Date).

**IT IS FURTHER ORDERED** that the Debtor shall comply with their duties by providing the Chapter 13 Trustee with the following items one week prior to the scheduled hearing date:

1. Provide Order Resolving Motion for Relief;
2. Address secured proof of claim filed by FIG 20, LLC FBO SEC PTY that is not listed in plan (Claim No. 6);
3. Proof of income from Son when job starts;
4. Amend Schedule I to list $400 per month from other son, along with contribution letter and proof of income.

**IT IS FURTHER ORDERED** that if the Debtor fails to comply with this Order, the case may be dismissed upon the filing of a certification of default and proposed order by the Trustee and the Court may enter that proposed order prior to the Final Adjournment Date of the

confirmation hearing without any further notice.

**IT IS FURTHER ORDERED** that a Certification of Compliance must be filed OR a Certification of the Debtor in support of opposition to the relief set forth in this Order or to dismissal of the case must be filed seven (7) days prior to the Final Adjournment Date. Counsel for the Debtor and the Debtor must appear in person on the Final Adjournment Date to prosecute any Opposition with the failure to do so results in the dismissal of the case without any further notice.

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee may request that the Court impose remedies under 11 U.S.C. §§ 109(g) and 105 in any dismissal order failing to comply with this Order.